STATE, BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, PLAINTIFF IN ERROR, v. INFERIOR COURT OF COMMON PLEAS OF THE COUNTY OF HUDSON ET AL., DEFENDANTS IN ERROR.

1. The act of the 8th of April, 1875, (*Pamph. L., p.* 519,) entitled " A further supplement to an act entitled 'An act to improve Paterson avenue,' " &c., is valid, as it, when properly construed, does not leave it to the uncontrolled discretion of the commissioners to fix the amount to be paid by the county.
2. The direction of this act is to put the costs of the improvement, to the extent of the special benefit, on the land-owner, and the surplus of such cost on the county at large.

State, Freeholders of Hudson, pros., v. Road Commissioners.

On error to the Supreme Court. For opinion of Supreme Court, see 12 *Vroom* 83.

For the plaintiff in error, *J. H. Lippincott.*

For the defendants in error, *J. D. Bedle.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The matters here in litigation relate to assessments of the expenses in the improvement of certain public roads in the county of Hudson. The several laws which appertain to this subject will be found referred to in the opinion read, in this series of cases, in the Supreme Court, and which is reported in 12 *Vroom* 83. I shall refer only to such parts of that train of legislation as are essential to perspicuity.

The first objection to these proceedings is, as expressed in the brief of counsel, "because the legislation limits the area of assessment to a less extent of country than the political district of which the area to which it is limited is a part."

The answer to this is in a word: The area in question was wider and more extensive than was the field of taxation limited in the case of Society for Establishing Useful Manufactures *v.* Mayor, &c., of the City of Paterson, decided at the present term of this court. According to that decision, such an exercise of the legislative power is not objectionable on constitutional grounds.

This exception must be overruled.

The next objection found in this brief is thus stated: "Because the legislature delegates to this body of commissioners powers which only can be exercised by the legislature itself."

This criticism is pointed at a power given to the commissioners in question to declare what portion of the expenses incurred in effecting this improvement should be imposed on the county of Hudson. As these several acts were read by counsel, no standard was furnished by the legislature by

which such quota was to be measured, it being insisted that such matter was referred to the uncontrolled judgment of this body of officers. On this point, the case of *State* v. *Hudson County Avenue Commissioners,* 8 *Vroom* 13, was cited and relied on.

But I cannot concur in the construction thus put upon the legislation now under consideration. Although parts of it are loosely put together and obscurely expressed, still I think its purpose is sufficiently manifested, and that such purpose did not embrace the scheme of leaving it to the undirected judgment of these officers to decide what portion of these expenses should be borne by this county. These several laws must be read together and regarded as parts of a system, and thus viewed, I find the intention was this—to require these commissioners to put the costs of the proceedings, to the extent of special benefits, on the lands benefited, and the residue on the county. This interpretation seems to me to be justified in this wise. The purpose to burthen the lands to the full extent of the private benefit, is plainly displayed through all this consecutive legislation. It is found in the act of 1869, which is the original act. Thus, in Section 8, the direction is that the expenses "shall be assessed upon and paid by the lands and real estate benefited, in proportion to the benefit received," and still more emphatically in Section 25, it is further said "that all the expenses incident to said improvements, and necessary for the completion thereof, shall be estimated by the said commissioners, and assessed upon the lands benefited by said improvements." These provisions are substantially continued through the act of 1874. It is in the act of 1875 that power is given to assess anything against the county, and it is this act that has given rise to the question under consideration. Its language is, that if said commissioners "shall be of the opinion that any part or portion of the costs, charges, and expenses of the improvements described in and made under and by virtue of said supplementary act, &c., should be assessed upon and paid by the county of Hudson, &c., then, and in that case, it shall be lawful for

said commissioners, and they are hereby authorized, to determine the amount which shall be paid by the county of Hudson on account of said improvements, and said sum so determined shall be raised by general taxation," &c.

Now, it does not seem to me that the legislative intention here was to absolve these officers from the duty of charging the lands benefited to a prescribed extent. The plain purpose was to make such lands liable to the full extent of the special benefit. This was the given standard, and the commissioners could not disregard it. The supplement of 1875 was a remedial act, the antecedent legislation being deficient in the respect that it made no provision for the payment of that excess of these expenses that would remain, it might be, after exacting from the land-owners their legal quotas. The commissioners were to determine what amount the county should bear, but that determination was to be based on what sum was to be charged against the designated lands, and thus their judgment was put under legal control. The letter of this law must bend so as to coincide with the general legislative plan manifested throughout this series of acts, and in that plan I do not find that it was left to the discretion of this official body to make the public burthen of what size it pleased, but that, to the contrary, that subject was put under a regulation sufficiently definite. And I also interpret this law in the sense that it requires all the expense not chargeable to the lands benefited, to be laid on the county; it seems to me impossible to constrain the several sections into harmony on any other hypothesis.

I do not think this objection should prevail.

The next and last objection urged by the plaintiff in error relates to the alleged want of notice to the county of Hudson of the pendency of these proceedings, so that no opportunity for a hearing before the commissioners was afforded. But this position is not tenable, the reasons for this conclusion being given in the case of Wilson v. Karle, decided at the present term.

I think this judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE,. DIXON, MAGIE, PARKER, REED, VAN SYCKEL, DODD,. GREEN—9.

*For reversal* — None.